UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2012 SEP 26  PM 4: 00

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| CMG WORLDWIDE, INC., an Indiana corporation,  Plaintiff, v. Brando ENTERPRISES, L.P., a Delaware limited partnership, BRAND SENSE PARTNERS, LLC, a California Limited Liability Company, Defendants. | CAUSE NO. _____  **1: 12 -cv- 1 3 8 4 SEB -DML** |

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA:

Please take notice that all named defendants, Brando Enterprises, L.P. ("Brando Enterprises") and Brand Sense Partners, LLC ("Brand Sense") (collectively, "Defendants") hereby remove the above-captioned action from the Hamilton Superior Court, State of Indiana to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §§ 1332 and 1441. Defendants each remove on their own behalf, and each join in each other's removal, on the grounds set forth below.

### THE STATE COURT ACTION

1. On August 24, 2012, Plaintiff CMG Worldwide, Inc. ("Plaintiff") filed a Complaint in the Hamilton Superior Court, State of Indiana, captioned *CMG Worldwide, Inc. v. Brando Enterprises, L.P. and Brand Sense Partners, LLC.*, docketed as Case No. 29D01-1207-CC-8820 (the "State Court Action"). To date, Defendants have not been served with the Summons or Complaint. Brand Sense and Brando Enterprises, however, obtained copies of the

Complaint on August 27 and 30, 2012, respectively. A true and correct copy of that Complaint is attached as Exhibit A.

2. It is unclear from the Complaint whether Plaintiff intended to name Larry Dressler as a defendant. Mr. Dressler is not named in the case caption and is not identified in the Complaint within the section titled "The Parties." *See* Complaint, Exhibit A at ¶¶ 1-3. However, the introductory paragraph of the Complaint lists Mr. Dressler as a party. This reference to Mr. Dressler appears to be an oversight by Plaintiff, because there are no specific allegations against Mr. Dressler throughout the Complaint. Nonetheless, Mr. Dressler consents to this removal.

3. Also, it is unclear whether Plaintiff intended to name "Doe" defendants in this action, because it did not include any "Doe" defendants in the Complaint's caption or within the section entitled "The Parties." Plaintiff does, however, list "JOHN DOES 1-10" in the introductory paragraph of the Complaint. Defendants are informed and believe that no "Doe" defendant has received or been served with a Summons or the Complaint. Accordingly, all named defendants who have received or been served with the Complaint have joined in this Notice of Removal.

4. The Complaint for declaratory and injunctive relief purports to state the following causes of action: (1) Declaration of Existence of Valid and Enforceable Contract Between Parties; and (2) Declaration of Promissory Estoppel.

### DIVERSITY JURISDICTION

5. 28 U.S.C. § 1332(a)(1) provides that federal district courts shall have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In the present case, both of these requirements are met because the damage to defendants exceeds the amount in controversy.

### *Diversity of Parties*

6.     Plaintiff is an Indiana corporation whose principal place of business is in Indiana.

7.     Brando Enterprises is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business located in the County of Los Angeles, State of California.  Brando Enterprises' General Partner, Penny Poke Farms, Ltd., is a California corporation, with its principal place of business located in the County of Los Angeles, State of California.  Brando Enterprises' limited partners are sixteen trusts, each of which has the following three (3) trustees:  (1) Larry Dressler, an individual and citizen of the State of California; (2) Morris Medavoy, an individual and citizen of the State of California; and (3) Avra Douglas, an individual and citizen of the State of California.

8.     Brand Sense is a California limited liability company, with its principal place of business located in the County of Los Angeles, State of California.  Its sole member and manager is an individual and citizen of the State of New York.

9.     No change in Plaintiff's state of incorporation or principal place of business, or in the citizenship of Brando Enterprises or Brand Sense or their respective partners, members, or trustees has occurred since commencement of the State Court Action.

### *Amount in Controversy*

10.     In accordance with Local Rule 81.1, Brando Enterprises and Brand Sense certify that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11.     The Supreme Court has long held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333 (1977).  The amount in controversy can be viewed either from the perspective of the plaintiff or the defendant. *See e.g., Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006).

12.     In the State Court Action, the "object of the litigation" is the right to use Marlon Brando's intellectual property rights ("Brando IP Rights"), which are owned and controlled by

Brando Enterprises, throughout a seven-month worldwide concert tour (the "Tour") of Plaintiff's client, Madonna. Despite the fact that Plaintiff is asking the Court to award it the Brando IP Rights for a mere $5,000, the true value of those rights in this litigation exceeds three-hundred thousand dollars ($300,000).

13. Plaintiff's Complaint explains that in prior dealings between Plaintiff and Defendants, Brando Enterprises received $3,750 for a single use (of no more than five seconds) of the Brando IP Rights. *See* Complaint, Exhibit A, ¶ 7. By this lawsuit, however, Plaintiff is seeking to use the Brando IP Rights throughout the Tour, which, on information and belief, will include nearly ninety separate uses of the Brando IP Rights, during nearly ninety different concert performances. Given the per-use value of the Brando IP Rights ($3,750) previously established by the parties, multiplied by the nearly ninety separate uses/concerts, the total value of this lawsuit far exceeds the $75,000 threshold for federal diversity jurisdiction.

14. Moreover, by this lawsuit Plaintiff is seeking to use the Brando IP Rights in ways that go beyond the scope of what was included in the previously negotiated $3,750 single-use license. For example, the previous per-use rate negotiated between Plaintiff and Defendants restricted the use of the Brando IP Rights to the concert performance itself. However, Plaintiff is now seeking the right to use the Brando IP Rights for additional uses, including for promotional purposes, as well as in DVDs and other media for sale and distribution. *See* Exhibit 1 of the Complaint. This additional use of the Brando IP Rights that Plaintiff is seeking by this lawsuit further increases the monetary value of this litigation in excess of $300,000.

15. The fact that Plaintiff is requesting to pay only $5,000 for the Brando IP Rights in the State Court Action is irrelevant to the actual value of the Brando IP Rights, i.e., the "object of this litigation." If the Court grants Plaintiff's request for declaratory relief, Defendants will be losing out on well over $300,000 in licensing fees, and Plaintiff will be unjustly enriched by that amount. As a result, the true value of this case far exceeds $300,000, well in excess of the $75,000 threshold for federal diversity jurisdiction.

16. As is often the case with declaratory relief lawsuits, Plaintiff filed this State Court Action as a means to preempt a prospective action by Defendants for actual damages, resulting from Plaintiff's misappropriation of Defendants' intellectual property rights. The Seventh Circuit has recognized a Defendant's right to remove in such cases, where the Defendant's preempted claim against the Plaintiff could have been brought in federal court. *Thomas v. Shelton*, 740 F.2d 478, 485 (7th Cir. 1984). While the Court in Thomas was specifically addressing federal question jurisdiction, the Court's reasoning similarly applies to diversity jurisdiction, such as in the present case. The Seventh Circuit explained as follows:

> It has long been assumed, though without discussion of the point, that a declaratory judgment action, like any other action, is removable by the defendant in that action if the action could have been brought in federal court in the first place. See *White v. United States Fidelity & Guaranty Co.*, 356 F.2d 746 (1st Cir.1966); *Hartford Accident & Indemnity Co. v. Shaw*, 273 F.2d 133, 135 (8th Cir.1959). For suppose that the prospective defendant in a federal-question suit, preferring a state forum, jumps the gun and brings a declaratory judgment action in state court against the prospective plaintiff. If the latter cannot remove that suit, the only way he can gain access to a federal forum is by bringing an independent action in federal court. There will then be two parallel actions pending in different courts. This undesirable result can be avoided by allowing the prospective federal plaintiff to remove the state declaratory judgment action (in which he is the defendant) to federal court.

*Id.* This is precisely what has happened here. Plaintiff filed the State Court Action as a means to preempt Brando Enterprises' anticipated lawsuit against Plaintiff for damages related to Plaintiff's and Madonna's extensive infringement of the Brando IP Rights. Brando Enterprises' preempted claim (which it will now be asserting affirmatively against Plaintiff) could and would have originally been filed in federal court, namely under the Lanham Act, 15 U.S.C. § 1125(a). Moreover, the parties herein are diverse, and the damages that Brando Enterprises has incurred and will continue to incur far exceed the $75,000 jurisdictional minimum.

**PROCEDURAL REQUIREMENTS**

17. As discussed above, none of the named defendants has been served with the Summons or Complaint. Notwithstanding, out of an abundance of caution, Defendants are filing

this Notice of Removal within thirty days from when Brand Sense first obtained a copy of the Complaint, on August 27, 2012. Thus, removal is timely pursuant to 28 U.S.C. § 1446(b).

18. Venue is proper in the Southern District of Indiana, because the Hamilton Superior Court is within the Southern District. Therefore, removal to the Southern District is proper. 28 U.S.C. § 1441(a).

19. Written notice of this filing as well as a copy of this Notice of Removal will be filed with the Clerk of the Hamilton Superior Court and served upon all adverse parties as required by 28 U.S.C. § 1446(d), and an appropriate notice of compliance with 28 U.S.C. § 1446(d) also shall be served and filed in this action.

WHEREFORE, Defendants hereby remove this civil action from the Hamilton Superior Court, State of Indiana.

Dated: September 26, 2012

                                                /s/ Jan M. Carroll
Jan M. Carroll, No. 4187-49
Meredith Thornburgh White, No. 28094-49
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204
317/236-1313
jan.carroll@btlaw.com
mwhite@btlaw.com

Attorneys for Defendants,
Brando Enterprises, L.P. and
Brand Sense Partners, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this 26th day of September 2012 by United States mail, postage prepaid on the following:

>Theodore J. Minch
>Sovich Minch, LLP
>10099 Chesapeake Drive, Suite 100
>McCordsville, IN 46055

*/s/ Jan M. Carroll*

INDS02 JMC 1240201v2