# EXHIBIT A

STATE OF INDIANA ) IN THE HAMILTON SUPERIOR COURT 01
) 
COUNTY OF HAMILTON ) CAUSE NO. 29D01-1207-CC_8820

CMG WORLDWIDE, INC., an Indiana Corporation, )
)
                Plaintiff, )
)
vs. )
)
Brando ENTERPRISES, L.P., a Delaware )
Limited Partnership, BRAND SENSE )
PARTNERS, LLC, a California )
Limited Liability Company, )
)
                Defendants. )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Comes now Plaintiff CMG WORLDWIDE, INC. (hereinafter "CMG"), by counsel, Theodore Minch, and for its Complaint for Declaratory and Injunctive Relief (hereinafter the "Complaint") as against Defendants Brando ENTERPRISE, L.P. ("Brando"), BRAND SENSE PARTNERS, LLC. ("BSP"), LARRY DRESSLER ("LD"), and JOHN DOES 1-10 hereby alleges and states as follows:

## THE PARTIES

1. CMG, a corporation duly incorporated and existing pursuant to the laws of the State of Indiana with its principal place of business at 10500 Crosspoint Boulevard, Indianapolis (Hamilton County), Indiana 46256, is a celebrity licensing agency, recognized around the world as agent and representative for such internationally recognized celebrities, photographers, and brands as James Dean, Pamela Anderson, Tommy John, Jackie Robinson, George Barris, Andre DeDienes, the National Baseball Hall of Fame, and the State of New York.

2. Defendant Brando, upon information and belief, is a limited partnership organized and

existing pursuant to Delaware law, maintains its principal place of business at 10390 Santa Monica Boulevard, Ste. 360, Los Angeles, California 90025, and is the sole and exclusive owner and/or proprietor of trademark rights, rights of association, sponsorship, and endorsement, and rights of publicity, such as rights in and to the name, image, and likeness of, in connection with, and/or belonging to the late Marlon Brando.

3. Defendant BSP, upon information and belief, is a limited liability company organized and existing pursuant to California law, maintains its principal place of business at 10441 Jefferson Blvd., Suite #100, Culver City, California 90232, represents corporations, organizations, celebrities, and the heirs, families, and estates of deceased celebrities, as their agent, for the purpose of licensing to third parties permission to commercially utilize the intellectual property rights claimed to be owned by said entities and / or personalities.

## JURISDICTION

4. Jurisdiction and venue are proper in this Court pursuant to Ind. Code § 34-14-1-1 and Ind. Tr. Rule 57, T.R. 75(A)(1), T.R. 75(A)(2), T.R. 75(A)(4), and T.R.(A)(8).

## FACTUAL BACKGROUND

5. In addition to its celebrity and brand licensing agency activities, from time to time, CMG also acts as a clearance agent to help individuals and businesses obtain permission to use designs, trademarks, trade dress, names, likenesses, voices, rights of publicity, and endorsement of those corporations, organizations, celebrities, and the heirs and estates of deceased celebrities that are not represented by CMG.

6. Defendant BSP, upon information and belief, is the sole and exclusive agent of

Defendant Brando, and, as such, is duly authorized to negotiate and license all rights in and to the name, image and likeness of Marlon Brando and associated trademarks.

7. In February of 2012, CMG and Brando, by its authorized exclusive agent BSP, entered into a license agreement according to the terms of which the name, likeness, and / or image of the late Marlon Brando (hereinafter "Brando RoP") was to be used by the world famous music celebrity, Madonna, in set dressing for the song "Vogue" to be performed by Madonna during the Superbowl Halftime show on February 5, 2012 at Lucas Oil Stadium in Indianapolis, Indiana in return for a permission fee of Three Thousand Seven Hundred Fifty dollars ($3,750).

8. On or about May 2, 2012, CMG was contacted by Bhakti Touring, Inc. ("Bhakti"), which was seeking assistance in clearing the Brando RoP in addition to the rights of publicity in and to the names, images, and / or likenesses of ten (10) other deceased celebrities including James Dean, Jean Harlow, Ginger Rogers, Bette Davis, Lana Turner, Greta Garbo, Marlene Dietrich, Gene Kelly, Grace Kelly, and Joe DiMaggio, all of which were to be featured in live and recorded versions of the song titled "*Vogue*" to be sung and performed by Madonna around the world during her 2012 concert tour.

9. On May 16, 2012, CMG and Bhakti entered into an engagement agreement by which CMG agreed to act as the clearance agent on behalf of Bhakti to clear the Brando RoP in addition to the rights of publicity of the ten (10) other deceased personalities enumerated in Paragraph 9. herein.

10. Following the success realized by all in utilizing the above-named deceased personalities, including Marlon Brando, at the Superbowl, on or about May 16, 2012, CMG, acting as a clearance agent for Bhakti, contacted BSP, acting as the exclusive authorized licensing agent for Brando, to propose various written deal terms for the use of the Brando RoP in connection with *Vogue*

to be performed by Madonna on her worldwide musical tour. See attached exhibit 1, May 15, 2012 letter from CMG to BSP.

11. The specific terms proposed were, in return for payment of $3,750 to Brando, Bhakti would have the right to use the Brando RoP as follows: (i) as set dressing during the live performance of *Vogue* by Madonna during her 2012-2013 worldwide, (ii) in recorded versions of the tour to be distributed and sold, and (iii) in context promotion use for the distribution and sale of recorded versions of the tour; on or about May 17, 2012, BSP and Brando orally agreed to the foregoing terms (the same terms to which BSP had previously agreed for the use of the Brando RoP by Madonna at the Superbowl) on behalf of Brando and, likewise, BSP stated it would begin draft of a written agreement incorporating said terms.

12. The foregoing deal terms were the same terms agreed to by representatives of each of the foregoing personalities on a "most favored nation" basis.

13. On May 22, 2012, CMG received an electronic message from BSP confirming that Brando had agreed to the foregoing terms for the use of Brando RoP in and in connection with Madonna's worldwide tour and that BSP was drafting the written agreement for circulation and execution. See Exhibit 2, electronic message of May 22, 2012 from Nicole Burt, Associate Director of Business Development for BSP.

14. On or about May 23, 2012, the deadline for acceptance of the deal terms enumerated in CMG's May 15, 2012 correspondent, and in reliance on the May 22, 2012 express written acceptance by BSP, CMG moved to finalize and execute agreements and payments to the proprietors of the rights of publicity for the other ten (10) deceased personalities (named herein) to be used, on a most favored

nations basis, by Madonna in her worldwide tour.

15. In fact, in notifying Bhakti that the use of the rights of publicity of the eleven (11) deceased personalities, including Marlon Brando, Bhakti, based on most favored nations negotiations as to the rights of publicity for the herein named personalities, increased the fee to be paid to $5,000 per personality.

16. CMG communicated this favorable change in terms to BSP, the exclusive agent for Brando, on May 23, 2012; BSP replied that the favorable change was "great news." See Exhibit 2, electronic message of May 23, 2012 from Nicole Burt, Associate Director of Business Development for BSP acknowledging agreement to the favorable change.

17. In reliance on CMG's communications accepting the herein named terms for the use of the eleven personalities (including Marlon Brando), Bhakti moved forward with its plans as to the actual use of these personalities by Madonna on her worldwide tour.

## ACTS COMPLAINED OF

18. On or about May 25, 2012, after BSP had already agreed to the terms for the use of the Brando RoP by Madonna on her worldwide tour and after the expiration of the cut off date expressed in CMG's initial correspondence, CMG received an electronic message from BSP stating BSP wanted to make revisions to the terms accepted by BSP on May 22, 2012 and again on May 23, 2012. Burt e-mailed Herr and informed him that BSP senior management wanted to make changes to the agreed upon and accepted terms of the May 22 Contract.

19. On or about May 29, 2012, CMG informed BSP that CMG, in reliance upon BSP's and Brando's acceptance of the deal terms on May 22, 2012 and May 23, 2012, had informed Bhakti

of BSP and Brando's agreement and that Bhakti had, in reliance upon CMG's communication, moved forward with the inclusion of the Brando RoP in Madonna's worldwide tour pursuant to the terms agreed to by the parties.

20. On or about May 30, 2012, BSP demanded $20,000 for the use of the Brando RoP by Madonna; this demand was in direct contravention to BSP and Brando's May 22, 2012 and May 23, 2012 agreement to the most favored nations terms negotiated by CMG.

21. In further oral communications between the parties on June 12, 2012, BSP acknowledged that BSP and Brando had expressly agreed to the most favored nations terms for the use of the Brando RoP by Madonna on her worldwide tour; however, BSP reiterated its May 25, 2012 position on the $20,000 fee.

22. On June 24, 2012, in direct contravention to BSP and Brando's previous May 22, 2012 and May 23, 2012 agreement to the most favored nations terms for the use of the Brando RoP by Madonna, CMG received a communication from BSP again demanding $20,000 for the use of the Marlon Brando right of publicity.

## COUNT I
## DECLARATION OF EXISTENCE OF VALID AND ENFORCEABLE CONTRACT BETWEEN PARTIES

23. CMG restates and realleges its allegations in paragraphs 1. through 22. as if fully set forth herein.

24. On or about May 16, 2012, as herein plead, CMG, acting as a clearance agent for Bhakti, contacted BSP, acting exclusive authorized licensing agent for Brando, in writing to propose various written deal terms for the use of Marlon Brando's right of publicity in connection with *Vogue* to

be performed by Madonna on her worldwide musical tour.

25. The terms of the May 16, 2012 offer were: in return for payment of $3,750 to Brando, Bhakti would have the right to use the Brando RoP as follows: (i) as set dressing during the live performance of *Vogue* by Madonna during her 2012-2013 worldwide, (ii) in recorded versions of the tour to be distributed and sold, and (iii) in context promotion use for the distribution and sale of recorded versions of the tour.

26. On or about May 17, 2012, BSP and Brando orally agreed to the foregoing terms.

27. Again on May 22, 2012, BSP and Brando, in writing, agreed to the foregoing terms and informed CMG that it would draft the permission agreement.

28. Again on May 23, 2012, BSP and Brando, in writing, agreed to the foregoing terms with the exception that the most favored nations fee would now be $5,000 instead of $3,750 previously offered.

29. On May 23, 2012, CMG and its principle, Bhakti, acted in reliance upon BSP and Brando's agreement to the deal terms in proceeding with execution of permission agreements and payment processing for the estates of James Dean, Bette Davis, Lana Turner, Ginger Rogers, Gene Kelly, Greta Garbo, Marlene Dietrich and Grace Kelly pursuant to the most favored nations clauses.

30. CMG's reliance on BSP and Brando's acceptance was reasonable.

31. BSP and Brando's attempted repudiation of the permission agreement for the use of Brando RoP by Madonna on her worldwide tour is detrimental to CMG.

32. Absent a declaration that there is a valid and enforceable contract between Bhakti by its agent CMG and Brando by its authorized agent BSP and in light of the most favored nations status of

the use of the rights of publicity of the other ten (10) deceased personalities, CMG will be materially and irreparably harmed.

33.     CMG has no other adequate remedy at law to prevent material and irreperable harm to CMG as a result of BSP and Brando's attempted breach of the permission agreement.

## COUNT II
## DECLARATION OF PROMISSORY ESTOPPEL

34.     CMG restates and realleges its allegations in paragraphs 1. through 33. as if fully set forth herein.

35.     By way of their May 22, 2012 express written acceptance, Brando by its exclusive agent BSP, promised to grant permission for use of the Brando RoP by Madonna on her worldwide tour according to the same terms set forth in CMG's May 15, 2012 correspondence.

36.     BSP and Brando's May 22, 2012 written acceptance of CMG's May 15, 2012 offer was made with the expectation that the promise would be relied upon by CMG and, in turn, Bhakti.

37.     There being no contrary indication by BSP and / or Brando, CMG reasonably relied upon BSP and Brando's May 16, 2012 oral and May 22, 2012 written acceptance and proceeded with execution of permission agreement and payment processing for the estates of James Dean, Bette Davis, Lana Turner, Ginger Rogers, Gene Kelly, Greta Garbo, Marlene Dietrich and Grace Kelly pursuant to the most favored nations terms negotiated by CMG with Bhakti on May 23, 2012, the disclosed deadline by which this agreement was required to be completed.

38.     Based upon the prior course of dealings between the parties, the most favored nations status of the overall deal terms, the representations made by BSP and Brando which were reasonable and upon which BSP and Brando intended CMG to rely, CMG's reliance was reasonable definite and

substantial in nature.

39. CMG's reliance upon BSP and Brando's reasonable representations exposed CMG to separate and independent breach of contract liability form multiple parties, including but not limited to Bhakti, Madonna, and the estates of James Dean, Jean Harlow, Ginger Rogers, Bette Davis, Lana Turner, Greta Garbo, Marlene Dietrich, Gene Kelly, Grace Kelly, and Joe DiMaggio.

40. As a result of CMG's subsequent representation and warranty to Bhakti in reliance on BSP and Brando's promise, CMG will suffer irreparable harm which can only be avoided by the enforcement of BSP and Brando's promise, upon which CMG relied to its detriment.

## JURY DEMAND

41. CMG hereby demands a trial by jury on all issues to be properly tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CMG WORLDWIDE, INC. ("CMG") by counsel Theodore Minch hereby respectfully pray for judgment against Defendants BRANDO ENTERPRISES, L.P., BRAND SENSE PARTNERS, LLC., Larry Dressler, and John Does 1-10 (collectively the "Defendants") and requests that the Court:

a. Declare that there is a valid and binding contract between CMG and Defendants regarding permission to use the name, image, and likeness of the late actor Marlon Brando in connection with Madonna Concert;

b. Declare that Defendants are estopped from asserting there is no valid, enforceable contract by the doctrine of promissory estoppel;

c. Order specific performance by parties of the May 22, 2012 Contract and enjoin Defendants from reneging on the May 22, 2012 Contract and/or from bringing any lawsuits against any parties and/or beneficiaries of said contract, including, but not limited to CMG, Bakhti, Madonna, and/or their respective officers, directors, employees, agents, associates, successors, assigns, agents, customers, and clients jointly, individually and in representative capacities, and all affiliated, parent or

subsidiary companies or divisions in connection with use of name, image, likeness, and trademark of Marlon Brando pursuant to the terms of the May 22, 2012 Contract;

    d.    Award CMG its reasonable attorney's fees and costs; and

    e.    Award CMG all other and further relief as is just, necessary, and proper under these premises.

DATED: McCordsville, Indiana  
          July 25, 2012

SOVICH MINCH, LLP

*/s/ Theodore J. Minch*

Theodore J. Minch, Attorney No. 18798-49  
10099 Chesapeake Drive, Suite 100  
McCordsville, Indiana 46055  
Telephone:  (317) 335-3601  
Facsimile:   (317) 335-3602  
Email:       tjminch@sovichminch.com

Attorneys for Plaintiff CMG Worldwide, Inc.

 a clearances company like no other

May 15th, 2012

Brando Enterprises, L.P.
% Brand Sense Partners, LLC
Attn: Ms. Nicole Burt
10441 Jefferson Blvd., Suite 100
Culver City, CA 90232

Re: Permission request renewal for Madonna's 2012-2013 Tour

Dear Ms. Burt,

As the subject line notes, I'm contacting you today in regards to renewing permission for the use of Marlon Brando as set dressing for the song "Vogue" by Madonna during her 2012-2013 worldwide tour (the "Tour"). While the use itself will be virtually the same as the use that was previously approved by you for the Super Bowl Half-Time performance this past February, contextually it will play a more minor role in the overall performance and will be viewed by significantly less of an audience. With that said, our client is proposing the following terms for use of Marlon Brando for your approval:

- Use: Rights of publicity for one image of Marlon Brando:
  - (a) To appear onscreen as a set dressing for no more than :05 seconds during a 3-minute performance of the song "Vogue" during two hour shows performed by Madonna during her Tour;
  - (b) To appear in the recorded versions of the Tour performances in DVD and other media and formats for distribution and sale; and
  - (c) To appear in recorded versions of the Tour performances that may appear in In-Context promotional uses for the Tour and/or DVD and other media and formats.
- Term:
  - (a) Use for live performances: Limited to Madonna's 2012-2013 Tour (May 2012 to January/February 2013)
  - (b) DVD/other media and format + (c) In-Context Promotional Use: Perpetuity
- Exclusivity: Non-Exclusive
- Territory: Worldwide

Our client's deadline for this clearance is May 23, 2012, so I was hoping to speak with you about this as soon as you are available and your schedule permits. Is there a time that works best for you when we can discuss this further over the phone? Please let me know, and if you have any questions please do not hesitate to contact me at Brock@cmgworldwide.com or 317-570-5000 Ext. 18.

I look forward to hearing back from you, thank you!

Best regards,

J. Brock Herr, Esq.
Director of IP Clearances & Legal Counsel

10500 Crosspoint Boulevard, Indianapolis, Indiana 46256 | Telephone: (317) 570-5000 | Fax: (317) 570-5500
CMGclearances.com

From: **Brock Herr** <brock@cmgworldwide.com>
Date: Fri, May 25, 2012 at 8:21 AM
Subject: Re: Marlon Brando photo
To: Nicole Burt <nburt@bsp.com>
Hi Nicole,I believe it's from "A Streetcar Named Desire." Does that seem correct to you?

From: **Nicole Burt** <nburt@bsp.com>
Date: Thu, May 24, 2012 at 10:19 PM
Subject: RE: Marlon Brando photo
To: Brock Herr <brock@cmgworldwide.com>
Hi Brock,Quick question...What film is the image below from?

From: **Brock Herr** <brock@cmgworldwide.com>
Date: Wed, May 23, 2012 at 5:18 PM
Subject: Re: Phone call
To: Nicole Burt <nburt@bsp.com>
Cc: Rosalyn Ortiz <rortiz@bsp.com>
Hi Nicole,Good to hear, all around. I'll keep an eye out for the agreement.
Rosalyn - I look forward to talking with you to set up a time to meet at LIMA, feel free to contact me anytime.

On Wed, May 23, 2012 at 5:14 PM, Nicole Burt <nburt@bsp.com> wrote:
Hi Brock,   Yes- that's great news!. Thank you for the update. With regards to the preamble language/preferred company name, the below isn't a problem. Lastly, I'm definitely still interested in meeting with you. I have copied Rosalyn Ortiz on this email as she is managing our master calendar for the show. She will reach out to you directly to set up a meeting. Feel free to contact me if you have any other questions.

From: **Brock Herr** <brock@cmgworldwide.com>
Date: Wed, May 23, 2012 at 8:38 AM
Subject: Re: Phone call
To: Nicole Burt <nburt@bsp.com>
Hi Nicole,Sorry to just now be responding. No, there is not an issue with the MFN rate, rather it will actually be good news to your ears. Because Marlon Brando is on a MFN basis with the other personalities in the song who granted similar rights, the rate will be $5000 instead of the $3750 we originally discussed. I hope this comes as welcomed news! Also, in the preamble "CMG Clearances, LLC, as agent for Bhakti Touring, Inc., c/o Nigro Karlin Segal & Feldstein, LLP, located at 810 7th Ave., Suite 1701, New York, NY 10019" is the preferable way to define the parties if that works for you - this will keep it in line with the others as well. On a side note, I just booked my room for the LIMA trade show in June. I know you mentioned you were attending and would like to set up a meeting to discuss possible business opportunities going forward. Is this something you would still be interested in? Let me know and we can find a time out there that works best for both of us.

From: **Nicole Burt** <nburt@bsp.com>
Date: Tue, May 22, 2012 at 10:58 PM
Subject: RE: Phone call
To: Brock Herr <brock@cmgworldwide.com>

Hi Brock, No problem! Is there An issue with the MFN rate? I want to make sure we're on the same page before I route internally. Please confirm when you have a moment.

From: **Brock Herr** <brock@cmgworldwide.com>
Date: Tue, May 22, 2012 at 7:28 PM
Subject: Re: Phone call
To: Nicole Burt <nburt@bsp.com>

Hi Nicole, I figured you might be traveling, sorry for the numerous emails nonetheless. That's great news, though, I'm glad to hear the estate approved the use. I'll keep an eye out for the Agreement. Thanks! Best, Brock

On Tue, May 22, 2012 at 6:05 PM, Nicole Burt <nburt@bsp.com> wrote:
Hi Brock, Just landed and I'm on my way to catch my connecting flight but please note I just heard back from the estate and they have approved the terms. I will draft the agreement based on the terms we discussed and send over to you shortly.

From: **Nicole Burt** <nburt@bsp.com>
Date: Tue, May 22, 2012 at 2:40 PM
Subject: Automatic reply: Brando clearance follow up
To: Brock Herr <brock@cmgworldwide.com>

Hi, Thank you for your email. I will be out of the office 5/22 – 5/23 and will be checking emails periodically. If this matter is urgent, I can be reached at 619.855.9826. Have a great day!

From: **Brock Herr** <brock@cmgworldwide.com>
Date: Tue, May 22, 2012 at 2:40 PM
Subject: Brando clearance follow up
To: Nicole Burt <nburt@bsp.com>

Hi Nicole, Just wanted to follow up with you. I called and left you a message earlier, but wanted to also write you an email. We are ready to move forward with execution and payment whenever you are. I know you said you were going to draft an agreement, but I hadn't heard from you yet. Also, I have some news about the MFN and fee to discuss as well. Please give me a call when you get a chance, my number here is 317-570-5000 Ext. 18. Look forward to hearing from you, thanks!